J-A13035-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| PATRICIA DUTY AND DEBRA MILLER, INDIVIDUALLY AND AS ADMINISTRATORS OF THE ESTATE OF JENNIFER WRIGHT | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | : : : : | |
| v. | : : : | No. 1453 EDA 2020 |
| TOYOTA ADVANCED LOGISTICS, BASTIAN SOLUTIONS, PEACH STATE INTEGRATED TECHNOLOGIES, TOYORA INDUSTRIAL EQUIPMAN MFG. INC., RAYMOND CORPORATION, RAYMOND-MUSCATINE, INC., LIFT, INC., PACIFIC RIM CAPITAL INC., ALEJANDRO SACHEZ BELTRAN, HAMILTON CASTER, TOYOTA MOTOR CORP., TOYOTA INDUSTRIES, CORP., TOYOTA FORKLIFTS, TOYOTA MATERIAL HANDLING USA, INC., TOYOTA INDUSTRIES NORTH AMERICA | : : : : : : : : : : : : : : : : : | |

Appeal from the Order Entered June 10, 2020
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 180703197 & 180502276

BEFORE: BENDER, P.J.E., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED SEPTEMBER 3, 2021**

Plaintiff/Appellants Patricia Duty and Debra Miller, individually and as

administrators of the estate of Decedent, Jennifer Wright, appeal from

_____

[*] Former Justice specially assigned to the Superior Court.

the order entered in the Court of Common Pleas of Philadelphia County granting Defendant/Appellees' motion to transfer venue to York County on the basis of *forum non conveniens*. After careful consideration, we affirm.

The trial court provides an apt factual and procedural history, as follows:

[This action originated from two actions filed against Johnson Controls, Inc., *et al* (the first action) and Toyota Industries, Corp., *et al*, (the second action) respectively, that were consolidated below in the Court of Common Pleas of Philadelphia County.] These two consolidated actions stem[med] from Jennifer Wright's ("Decedent") death on July 27, 2016 at a facility in York, Pennsylvania after a HVAC unit weighing over 3,000 pounds fell from a pallet onto Decedent while the HVAC unit was being transferred by a [Toyota] forklift.

Plaintiff-Appellants Patricia Duty and Debra Miller ("Appellants") commenced the [first] action, Case Number 180502276, on behalf of the Estate of Decedent by Writ of Summons filed in the Philadelphia Court of Common Pleas on May 22, 2018. Appellants then filed a Complaint on September 10, 2018 stating causes of action for negligence, wrongful death, survival action, and fraud against numerous defendants. Appellants filed an Amended Complaint on November 26, 2018, and a Second Amended Complaint on January 3, 2019.

Appellants commenced the [second] action, Case Number 180703197, by filing of Writ of Summons in the Philadelphia Court of Common Pleas on July 27, 2018.

These two actions were consolidated by order of the court on September 20, 2018. Appellants filed a Complaint in the second action on January 10, 2019, stating causes of action for negligence, breach of implied warranty of merchantability, wrongful death, and survival action against numerous defendants.

[On November 13, 2019, after initially denying all preliminary objections filed in the first action, the court entered a subsequent

order granting defendants' motions for reconsideration, sustaining all preliminary objections, and thereby dismissing all defendants in the first action.]

On September 16, 2019, Defendant-Appellee Toyota Industries Corporation ("TICO"), a defendant in the second action, filed Preliminary Objections arguing for dismissal due to improper service and lack of personal jurisdiction. [The trial court] entered an order dated June 10, 2020 sustaining TICO's Preliminary Objections and dismissing Appellants' claims against TICO with prejudice.

On January 24, 2020, Defendant-Appellees Toyota Material Handling, U.S.A., Inc. ("TMH") and Toyota Industrial Equipment Mfg., Inc. ("TIEM"), defendants in the second action, filed a Motion to Transfer Venue to York County based on forum *non conveniens*. Appellants filed a Response to said Motion on February 13, 2020, and TMH and TIEM filed a Supplemental Brief in Support of their Motion on February 25, 2020. [The trial court] entered an order dated June 10, 2020 and docketed June 15, 2020 granting TMH and TIEM's Motion to Transfer Venue[, t]hereby transferring the second action to York County.

On July 10, 2020, Appellants filed two Notices of Appeal with the Pennsylvania Superior Court—one filed in the first case, Case Number 180502276, and one filed in the second case, Case Number 180703197. On July 14, 2020, [the trial court] ordered Appellants to file a Concise Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925(b) for both Notices of Appeal. On August 3, 2020, Appellants filed their Statement of Matters.[]

Trial Court Opinion, 12/16/20, at 1-4.

Appellants raise the following issue for this Court's consideration:

Whether the trial court abused its discretion or committed an error of law in granting Appellees/Defendants', Toyota material handling, U.S.A., Inc. and Toyota Industrial Equipment Mfg., Inc., motion to transfer venue, pursuant to Pa.R.C.P. 1006(d)(1) based on *forum non conveniens*, as the Appellees did not put any facts on the record to meet their burden in demonstrating that the plaintiff's chosen forum of Philadelphia County is oppressive and vexatious[.]

- 3 -

Appellants' brief, at 4.

Before we address the merits of this appeal, we must determine if Appellants have complied with the Official Note to Pa.R.A.P. 341(a) and ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018), which mandate that when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed, with failure to do so resulting in quashal of the appeal. On July 10, 2020, Appellants filed two Notices of Appeal with this Court—one filed in the first case, Case Number 180502276, and one filed in the second case, Case Number 180703197. This Court assigned appeal number 1452 EDA 2019 to the first notice of appeal ("companion appeal") and 1453 EDA 2019 to this, the second, notice of appeal ("present appeal").

Through the two appeals, Appellants purported to appeal from (1) the June 15, 2020 order transferring venue; (2) the June 11, 2020 order sustaining preliminary objections of TICO, and dismissing claims against TICO; (3) the November 13, 2019 order denying Appellants' motion for reconsideration of the October 4, 2019 orders dismissing the claims against Johnson Controls Holding Company *et al*; (4) the November 8, 2019 order granting the motion for reconsideration filed by additional defendants, sustaining their preliminary objections, and dismissing the claims against them; and (5) the September 10, 2019 order sustaining the preliminary objections of Johnson Controls, Inc. and dismissing the claims against it.

On September 16, 2019, we issued a rule in each appeal directing Appellants to show cause why that appeal should not be quashed for any one of several specified reasons. Specifically, we observed that only the June 15, 2020 order transferring venue appeared to qualify as an interlocutory order appealable as of right under Pa.R.A.P. 311(c), while the remaining orders were neither final orders nor appealable interlocutory orders. Furthermore, the Appellants' notice of appeal was untimely with respect to the three 2019 orders listed above.

Apart from issues of appealability, we also questioned whether the notices of appeal failed to comply with the Official Note to Pa.R.A.P. 341(a) and with *Walker*. Order, 9/16/20. Appellants responded that its filing of two appeals allowed this Court to exercise its discretion to consolidate the two appeals filed, pursuant to Pa.R.A.P. 513. *See* Appellant's Response, 9/28/20.

By our two *per curiam* orders of December 21, 2020, one entered in each appeal, this Court quashed the companion appeal at No. 1452 EDA 2020, and quashed-in-part the present appeal at No. 1453 EDA 2020, for want of jurisdiction, to the extent that such appeals were untimely filed from the 2019 orders, taken from the non-appealable June 11, 2020 order, and involved Appellant's suit against the Johnson Controls, Inc. defendants, all of whom had been dismissed.

In contrast, we observed that only the present appeal at No. 1453 involved the appealable June 15, 2020 order of the trial court transferring venue. Specifically, we explained:

[T]he June 15, 2020 order transferring venue was entered only on docket no. 180703197 in the Philadelphia County Court of Common Pleas and does not involve any of the [Johnson Controls, Inc. defendants], which are identified as defendants only in the action docketed at 180502276. Although Appellants listed both trial court docket numbers on their notice of appeal [at companion appeal No. 1452 EDA 2020], they attached only the trial court docket for no. 180502276. At [the present appeal at] No. 1453 EDA 2020, Appellants filed an identical notice of appeal from the same orders but attached the trial court docket for no. 180703197, which corresponds to the June 15, 2020 order transferring venue. Therefore, Appellants' appeal from the June 15, 2020 order transferring venue will proceed at No. 1453 EDA 2020 only.

Accordingly, the [companion] appeal at No. 1452 EDA 2020 is hereby **QUASHED**

. . .

The appeal at 1453 EDA 2020 is **QUASHED IN PART** with respect to June 11, 2020; November 13, 2019; November 8, 2019; and September 10, 2019 orders. The appeal at No. 1453 EDA 2020 will continue only with respect to the June 15, 2020 order transferring venue entered at docket no. 180703197 in the Philadelphia County Court of Common Pleas.

*Per Curiam* Orders, 12/21/20, at 1-2.

The parties were advised that the issues raised in this Court's September 16, 2020 show-cause order, including the application of **Walker**, may be revisited by the merits panel, and that counsel should be prepared to address, in their briefs or at the time of oral argument, any concerns the panel may have regarding the issues. Order, 12/21/20, at 2. Neither party has raised the **Walker** issue in its brief, but we discern through our *sua sponte* review of the record that Appellants have complied with **Walker** and its progeny.

- 6 -

This Court has held that including multiple docket numbers on separately filed notices of appeal does not necessarily require quashal under **Walker**. **Commonwealth v. Johnson**, 236 A.3d 1141 (Pa. Super. 2020) (*en banc*) (overruling **Commonwealth v. Creese**, 216 A.3d 1142 (Pa. Super. 2019). **See also Commonwealth v. Rebecca Johnson**, 236 A.3d 63 (Pa. Super. 2020) (en banc) (declining to quash despite all three docket numbers appearing on each notice of appeal, where each notice of appeal bore a unique indicia—a different time stamp and location of time stamp—establishing that separate notices of appeal were filed).

Here, although the notices of appeal contained both trial court docket numbers, Appellants differentiated the present notice of appeal—assigned appeal number 1453 EDA 2020 by this Court—by attaching only to it the trial court docket for no. 180703197, which, alone, corresponds to the June 15, 2020 order transferring venue. In this way, Appellants indicated to this Court that two dockets were implicated and that separate appellate docket numbers were required. **See Povrzenich v. Ripepi**, --- A.3d ----, 2021 WL 1047363 (Pa. Super. filed March 19, 2021) (filing of two notices of appeal each listing the two docket numbers was not grounds for quashal where judgment was entered at the consolidated docket number and merely noted on the other docket, which had been dormant for filing purposes; therefore, filing of two separate notices of appeal bearing both docket numbers was sufficient to convey that separate appellate docket numbers were required).

Accordingly, we find the filing of two separate notices of appeal in the case *sub judice* sufficient under **Walker** and decline to quash these appeals.

Appellants contend that the trial court erred when it transferred venue based on *forum non conveniens* because Appellees failed to place any facts on the record to meet their burden of demonstrating the chosen forum of Philadelphia County was vexatious or oppressive. The following principles govern a trial court's ruling on a petition to transfer venue for *forum non conveniens.*

> We review a trial court's transferring venue due to *forum non conveniens* for an abuse of discretion. **Walls v. Phoenix Ins. Co.**, 979 A.2d 847, 850 n. 3 (Pa. Super. 2009) (internal citation and quotation marks omitted). We will uphold a trial court's order transferring venue based on *forum non conveniens* "[i]f there exists any proper basis" for the trial court's determination. **Connor v. Crozer Keystone Health Sys.**, 832 A.2d 1112, 1116 (Pa. Super. 2003) (internal citation omitted). "[A] trial court's order on venue will not be disturbed if the order is reasonable after a consideration of the relevant facts of the case." **See Mateu v. Stout**, 819 A.2d 563, 565 (Pa. Super. 2003).
>
> Pennsylvania Rule of Civil Procedure Rule 1006 governs venue transfers and provides in pertinent part:
>
>> For the convenience of parties and witnesses the court upon petition of any party may transfer an action to the appropriate court of any other county where the action could originally have been brought.
>
> Pa.R.C.P. 1006(d)(1). In seeking forum transfer under Rule 1006(d)(1), "the defendant must show more than that the chosen forum is merely inconvenient to him[,]" **Cheeseman v. Lethal Exterminator, Inc.**, 549 Pa. 200, 701 A.2d 156, 162 (1997) (footnote omitted), as the rule permits transfers only if the chosen forum is oppressive and vexatious for the

- 8 -

defendant. *Bratic v. Rubendall*, 626 Pa. 550, 99 A.3d 1 (2014).

We acknowledge that a plaintiff's forum choice should be "rarely ... disturbed," is entitled to great weight, and must be given deference by the trial court. *Wood v. E.I. du Pont de Nemours & Co.*, 829 A.2d 707, 711 (Pa. Super. 2003).[] Nevertheless, "a plaintiff's choice of venue is not absolute or unassailable." *Connor*, 832 A.2d at 1116 (internal citation omitted).

This Court's recent decision *Wright v. Consolidated Rail Corporation*, 215 A.3d 982 (Pa. Super. 2019) [sets] forth the following principles informing a trial court's review of motions for transfer of venue claiming forum *non conveniens*:

> The doctrine of *forum non conveniens* "provides the court with a means of looking beyond technical considerations such as jurisdiction and venue to determine whether litigation in the plaintiff's chosen forum would serve the interests of justice under the particular circumstances." *Alford [v. Philadelphia Coca-Cola Bottling Co., Inc.*, 366 Pa. Super. 510], 531 A.2d [792] at 794 [(1987)] (citation omitted). The doctrine addresses the issue of plaintiffs bringing "suit in an inconvenient forum in the hope that they will secure easier or larger recoveries or so add to the costs of the defense that the defendant will take a default judgment or compromise for a larger sum."
> *Hovatter [v. CSX Transportation, Inc.]*, 193 A.3d [420] at 424 [(Pa. Super. 2018)] (quotation marks and quotation omitted).
>
> The two most important factors the trial court must apply when considering whether dismissal is warranted are that "1.) the plaintiff's choice of forum should not be disturbed except for 'weighty reasons,' and 2.) there must be an alternate forum available or the action may not be dismissed."
>
> ....

- 9 -

To determine whether such "weighty reasons" exist as would overcome the plaintiff's choice of forum, the trial court must examine both the private and public interest factors involved. ***Petty v. Suburban General Hospital***, 363 Pa. Super. 277, 525 A.2d 1230, 1232 (1987). The ***Petty*** Court reiterated the considerations germane to a determination of both the plaintiff's private interests and those of the public as defined by the United States Supreme Court in ***Gulf Oil Corp. v. Gilbert***, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). They are:

the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the actions; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforceability of a judgment if one is obtained. The court will weigh relative advantages and obstacles to a fair trial.

* * *

Factors of public interest also have place in applying the doctrine. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. ...

***Hovatter***, 193 A.3d at 424-25 (quotations and citations omitted)[ ].

***Wright*** 215 A.3d at 991 (footnote deleted).

In ***Bratic***, which sought "to clarify the requirements for transfers based on *forum non conveniens* as expressed in ***Cheeseman*****,**" our Supreme Court cautioned against overemphasizing public and

- 10 -

private interests to the undue subordination of the ultimate issue, namely whether the chosen forum was vexatious or oppressive:

> *Cheeseman* was not intended to increase the level of oppressiveness or vexatiousness a defendant must show; rather, understood in its articulated context, *Cheeseman* merely corrected the practice that developed in the lower courts of giving excessive weight to "public interest" factors when ruling on a forum *non conveniens* motion. Whatever public interest factors exist, they are not determinative; they are only a factor insofar as they bear directly on the ultimate test. And while Rule 1006(d)(1) on its face allows transfer based on "the convenience of the parties[,]" Pa.R.C.P. 1006(d)(1), convenience or the lack thereof is not the test our case law has established: the moving party must show the chosen forum is either oppressive or vexatious.

*Bratic*, 99 A.3d at 6, 7–8 (some internal citations omitted). ***Powers v. Verizon Pennsylvania, LLC***, 230 A.3d 492, 498 (Pa. Super. 2020).

In response to Appellants' contention, Appellees TMH and TIEM note that their January 24, 2020 Motion to Transfer Venue to York County under the doctrine of *forum non conveniens* averred, *inter alia*, that: (1) Decedent's injury occurred at the Johnson Controls, Inc. facility in York County, (2) all 17 fact witnesses summoned to testify reside in York County, (3) all fact witnesses have been subpoenaed for depositions to take place in York or Dauphin County, (4) Decedent's medical treatment occurred in York County, and (5) the HVAC unit allegedly manufactured by TMH and TIEM is located in York County. TMH and TIEM Mot. to Transfer Venue, at 2-3.

TMH and TIEM therefore argued in their motion that such facts established that "all relevant facts occurred in York County[,] . . . [a]ll witnesses and sources of proof are located outside Philadelphia County," and "a trial in York County . . . would provide easier access for witnesses and other sources of evidence." *Id*. at 5-6. The motion concluded that Appellant's choice of forum is "substantially outweighed by the burden placed on Moving Defendants, co-defendants, witnesses, and even Plaintiffs themselves [whom, the motion avers, also reside in York County]. *Id*. at 6.

For its part, the trial court first discusses the **Bratic** considerations that inform the vexatious/oppressive inquiry a court must undertake, and it identifies undisputed facts of record supporting its determination that were litigation to proceed in Philadelphia, significant burdens would result from traveling the approximately 82 miles between Philadelphia and York County. On this point, the court specifies, "This litigation is overwhelmingly tied to the distant York County, rendering it oppressive for [defendants] TMH and TIEM to defend themselves from litigation in the chosen forum of Philadelphia." TCO, at 10.

The burden is more than merely inconvenient, the court reasons, as not only would all of Defendants/Appellees' witnesses be required to travel this long distance for trial, all evidence necessary to the litigation is also located in York County. Specifically, the York County locations of Decedent's fatal incident, witnesses to the incident, Decedent's coroner, and necessary

- 12 -

depositions in the case all weigh in favor of a finding of oppressiveness, according to the court.

In expounding on these reasons in favor of transferring venue, the trial court analogizes the facts and consequences of travel in the present case to those determined to require transfer in both **Bratic** and **Powers**. We review these decisions in turn.

In **Bratic**, the Pennsylvania Supreme Court addressed whether proposed travel—in that case, from Dauphin County to Philadelphia—was oppressive under Rule 1006. In the Court's oppressiveness analysis, it recognized that burdens of travel increased with distance, such that prior decisions finding it "merely inconvenient" to travel between Philadelphia and its neighboring counties were likely inapposite to situations involving travel between Philadelphia and more distant counties, where "the oppressiveness is manifestly troublesome":

> While typically the "fact that the site of the precipitating event was outside of plaintiff's choice of forum is not dispositive[,]" **Walls**, at 852 (citations omitted), it is axiomatic that "when the case involves a transfer from Philadelphia to a more distant county ..., factors such as the burden of travel, time out of the office, disruption to business operations, and the greater difficulty involved in obtaining witnesses and sources of proof are more significant[,]" **Bratic** [**v. Rubendall**, 43 A.3d 497, 505 (Pa. Super. 2012) (*en banc*)] (Gantman, J., dissenting) (internal citations omitted).
>
> As with other factors insufficient on their own, distance alone is not dispositive, but it is inherently part of the equation. The **Cheeseman** decision actually involved two cases, both filed in Philadelphia County and transferred to neighboring Bucks County because of court congestion in the former. **Dauphin**

- 13 -

**County, however, is not a neighbor of Philadelphia, and one needs no detailed affidavit to understand the difference in logistics necessitated by a separation of 100 miles. It is not necessary to articulate to a jurist the inherently empirical concept that distance and expedience are inversely proportional.** The Superior Court speculated upon the eight witnesses, be they employees or professionals, and the economic consequences as to each is not of record, but **it may be presumed without fear of contradiction that to each of these people, time indeed is money, and days of participating in trial in Philadelphia would impact their "duties/operations[.]"** *Bratic,* at 503.

[] A petition to transfer venue must be supported by detailed information on the record, but "***Cheeseman* and Rule 1006(d) do not require any particular form of proof. All that is required is that the moving party present a sufficient factual basis for the petition[, and t]he trial court retains the discretion to determine whether the particular form of proof is sufficient**." ***Wood,*** at 714 (citing ***Cheeseman,*** at 162); *see also id.* at 714 n. 6 (collecting cases and noting affidavits have never been held necessary to obtain transfer).

The affidavits here, of course, employed nearly identical language, as the factual basis for each is nearly identical—**the oppressiveness of trial 100 miles away, which is manifestly troublesome. The trial judge need not be told like a child how the distance in and of itself makes things more disagreeable and disruptive to the persons obliged to travel. Nor is it a secret requiring iteration that trial in Dauphin County would provide easier access to local appellants and their local witnesses, as well as the relevant court documents on which the very case is based**. Further, given the witnesses' respective job titles, we cannot agree with the Superior Court that the affidavits were insufficient to enable the trial court to intuit the professional oppressiveness, more than inconvenience, that is patent therein. Indeed, if a reviewing court may surmise upon no record evidence at all that some witnesses will be paid, it should not be heard to criticize the trial court's crediting actual affidavits from witnesses that would have their businesses interrupted for days at a time, to their obvious personal and financial detriment.

. . .

As between Philadelphia and adjoining Bucks County, the situation in **Cheeseman***,* we speak of mere inconvenience; as between Philadelphia and counties 100 miles away, **simple inconvenience fades in the mirror and we near oppressiveness with every milepost of the turnpike and Schuylkill Expressway**.

We reaffirm the **Cheeseman** standard, but hold the showing of oppression needed for a judge to exercise discretion in favor of granting a *forum non conveniens* motion is not as severe as suggested by the Superior Court's post-**Cheeseman** cases. Mere inconvenience remains insufficient, but there is no burden to show near-draconian consequences. Although the Superior Court may have reached a conclusion different than the trial court, this does not justify disturbing the ruling; the Superior Court effectively substituted its judgment for that of the trial court, which it may not do. The facts of record allow the finding that trial in Philadelphia would be more than merely inconvenient. As there was clearly a proper evidentiary basis for this conclusion, the trial court did not abuse its discretion in granting the motion transferring the case to Dauphin County.

**Bratic**, 99 A.3d 1, 9–10 (emphasis added).

In **Powers**, plaintiff suffered injuries in front of his Bucks County home when he stepped on the lid of a cable service box. He brought suit in Philadelphia County, where venue was proper, but the Philadelphia Court of Common Pleas entered an order granting defendant Verizon's petition for forum *non conveniens* to transfer venue to Bucks County.

The plaintiff/appellant filed an appeal to this Court and raised one question for our review,

"[Did] the Lower Court abuse[ ] its discretion when it granted Verizon's petition to transfer this case to the Bucks County Court of Common Pleas on the doctrine of *forum non coveniens* where none of the Defendants sustained their burden of establishing,

- 15 -

with detailed facts on the record, that Mr. Powers' chosen forum was oppressive or vexatious to them?"

*Powers*, 230 A.3d at 496.

Specifically, the plaintiff/appellant in **Powers** argued that Verizon failed to establish with detailed facts of record that the chosen forum of Philadelphia was anything more than merely inconvenient given its proximity to neighboring Bucks County. Relying on **Bratic**, the **Powers** Court noted that the petition identified the location in question, where relevant Verizon employees, witnesses, and medical professional witnesses lived, as northern Bucks County, which would involve a commute of over one hour, not accounting for rush hour delays. This was in contrast to the 15 minute commute to the Bucks County Courthouse.

We also deemed pertinent the fact that the trial court had credited the petition's assertion that if site visits proved necessary to resolve the dispute over the exact site of the accident, then venue in Bucks County would provide better access to critical evidence and involve less time away from the courtroom.

As we discerned an evidentiary basis for the trial court's order transferring venue, we declined to find the trial court had abused its discretion in granting the petition to transfer to Bucks County. **Id.** at 500 (citing **Mateu v. Stout**, 819 A.2d 563, 567 (Pa.Super.2003)) (finding, "the facts ... present a proper basis for the trial court's decision to transfer venue" where the new venue "would provide easier access to the sources of proof, namely, to the witnesses").

- 16 -

Applying the principles underlying such decisions, the trial court made the following findings and conclusions in the present matter:

> Appellants admit that York County is at least 81-82 miles from the Philadelphia Court of Common Pleas. Pls.' Mem. Of Law in Opp'n to Defs.' Mot. to Transfer Venue, at 8. The record shows that all witnesses and sources of proof are located outside Philadelphia in either York County or Harrisburg, PA, which is located in Dauphin County (which neighbors York County and which, as shown in ***Bratic***, is at least 100 miles from Philadelphia). TMH and TIEM have presented evidence showing that the 17 fact witnesses in the case have all been subpoenaed to appear for depositions in York or Dauphin County, and many such fact witnesses either reside in York County or are employees of agencies or institutions located in York County. TMH and TIEM Mot. to Transfer Venue, Ex. C.
>
> The subpoenaed witnesses include Decedent's co-workers who reside in York County, employees with the York County Coroner's Office, police officers from the Spring Garden Police Department located in York County, and EMT and medics employed by Grantley Ambulance located in York County. ***Id***. There is no showing that any of these witnesses are willing to appear for depositions in Philadelphia County or a county close in proximity to Philadelphia County. ***See Fessler [v. Watchtower Bible and Tract Society of New York, Inc.]***, 131 A.3d [44, 52 (Pa. Super. 2015)] ("The willingness of the York County witnesses to testify in Montgomery County shows that they will not suffer oppression by traveling twenty additional miles to Philadelphia for trial"). In addition, Decedent's injuries occurred in York County, Decedent's medical treatment occurred in York County, the HVAC unit that caused Decedent's injuries is located in York County, and both Appellant Debra Miller and Decedent reside or resided in York County.[1]

---

[1] The Supreme Court noted in ***Bratic*** that whether the plaintiff is a resident of Philadelphia is "peripheral to the issue" and, by itself, "insufficient to warrant transfer[,]" but it observed, nonetheless, that the trial court's mere mention of these facts does not constitute an abuse of discretion or misapplication of the law, as it was "evident from the court's opinion that

*(Footnote Continued Next Page)*

> All in all, this litigation is overwhelmingly tied to the distant York County, rendering it oppressive for TMH and TIEM to defend themselves from litigation in the chosen forum of Philadelphia. Just as in **Bratic**, it would not only be more than merely inconvenient for TMH and TIEM's witnesses to travel 82 miles or more from York County to Philadelphia for trial in this case, but all evidence necessary to the litigation is also located in York County. **See Bratic**, 99 A.3d at 9-10.

> Appellants' attempts to establish witness and evidence locations below [**Bratic**'s] 100-mile threshold is unavailing; the near unanimity of fact witnesses and evidence located in and near York County, whether they be 94 or 82 miles from Philadelphia, renders it "manifestly troublesome" for TMH and TIEM and their witnesses to litigate this case in Philadelphia County rather than York County. **See id**, at 10. **Bratic** does not establish a 100-mile bright line rule, where whether a chosen venue is oppressive relies exclusively on whether the witnesses' travel burden is above or below a 100-mile threshold.

TCO, at 9-10.

In light of controlling precedent discussed *supra*, we agree a reasonable evidentiary basis supported the conclusion that the selection of a distant Philadelphia venue to litigate this purely York County matter was manifestly oppressive. We, therefore, decline to find the Philadelphia Court of Common Pleas committed an abuse of discretion when it transferred venue from Philadelphia County to York County, as it appropriately considered the totality of the record supporting Appellees' *forum non conveniens* position, including

---

transfer was based on other enumerated factors." **Bratic**, at 8. It continued, "Indeed, in **Cheeseman** itself, Justice Cappy pointed out that 'access to witnesses or other sources of proof' was an entirely legitimate factor when determining oppressiveness, **Cheeseman**, at 162, and the plaintiffs are certainly 'sources of proof.'" **Bratic**, at 8.

the York and Dauphin County residency of the many witnesses—which include Decedent's co-workers, Appellees' employees, public officials, and first responders—who would be subject to the 80-plus mile commute to the Philadelphia Court of Common Pleas.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/3/2021